IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON GATES**  **PLAINTIFF**
**ADC #112574**

v.  No. 4:23-CV-00758-LPR

**DEXTER PAYNE, et al.**  **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin and the Plaintiff's Objections.[1] After a *de novo* review of the RD, along with careful consideration of the Plaintiff's Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.

Although Plaintiff has raised many (unpersuasive) objections, there are two that the Court wishes to explicitly address. First, Plaintiff objects to the sovereign immunity portion of the RD because he opted to sue Defendants in both their personal and official capacities.[2] As the RD explained, Plaintiff's claims for money damages against the Defendants in their official capacities are barred by sovereign immunity.[3] But that does not affect Plaintiff's claims for money damages against Defendants in their *personal* capacities, which were properly addressed in other portions of the RD. Second, although Plaintiff argues that he should be given leave to amend his Complaint

---

[1] Docs. 13 & 16. The Court has also considered Plaintiff's Motion for Preliminary Injunction and/or TRO (Doc. 3) as well as his request to add evidence to supplement that Motion (Doc. 15).

[2] Pl.'s Objections (Doc. 16) at 6.

[3] Plaintiff's official-capacity claims against Defendants, who are state officials, may not be barred to the extent Plaintiff seeks prospective injunctive relief for ongoing violations of federal law. *See Elder v. Gillespie*, 54 F.4th 1055, 1062 (8th Cir. 2022) (discussing the *Ex parte Young* exception to sovereign immunity). But the Court agrees with Judge Ervin that the allegations in Plaintiff's Complaint fail to state a claim upon which such relief may be granted.

prior to dismissal, he has not requested such leave or proposed any such amendments.[4] And nothing in Plaintiff's objections convinces the Court that an Amended Complaint could correct the deficiencies in the original Complaint to state a claim upon which relief may be granted.[5]

Accordingly, Plaintiff's Complaint (Doc. 12) is DISMISSED without prejudice for failing to state a plausible constitutional claim for relief. Plaintiff's Motion for Preliminary Injunction and/or TRO (Doc. 3) is DENIED as moot. The Clerk of the Court is instructed to close this case. The Court recommends that dismissal of this case count as a "strike," in the future, for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 10th day of January 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] Pl.'s Objections (Doc. 16) at 9.

[5] The Court is not required to allow Plaintiff to amend his Complaint. *See Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (recognizing that 28 U.S.C. § 1915(e)(2)(B)(ii) "allows a court to dismiss, prior to service of process and without leave to amend, an IFP action or appeal if it fails to state a claim on which relief may be granted").

The Court will entertain a motion for reconsideration of its decision on the leave-to-amend question if Plaintiff files such a motion within 45 days of this Order and attaches to it a proposed Amended Complaint that remedies the current deficiencies in the Complaint. Plaintiff is warned that an amended complaint replaces an original complaint and renders the original complaint a legal nullity. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Therefore, only claims properly set out in the Amended Complaint would be considered.